UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WESTERN RADIOSONIC, INC., <br><br> Appellant, <br><br> v. <br><br> STATE INSURANCE FUND CORP., <br><br> Appellee. | Civil No. 11-1460 (JAF) <br> Related Case: Bankr. No. 09-0026 (MCF) |

**OPINION AND ORDER**

Pending before this court is an appeal filed by appellant Western Radiosonic, Incorporated ("WRI") against appellee State Insurance Fund Corporation ("the SIF"). Under 28 U.S.C. § 158(c)(1), WRI challenges a grant of summary judgment dismissing their adversary proceeding against the SIF in the bankruptcy court. (Docket Nos. 1; 7;[1] see also Bankr. Case No. 09-0026-MCF, Docket No. 79.) The SIF opposes, (Docket No. 10), and WRI responds, (Docket No. 11).

**I.**

**Factual and Procedural Summary**

On February 19, 2009, debtor-appellant WRI began an adversary proceeding against the SIF, arguing that Western Imaging—a separate entity from WRI—had assigned a monetary claim against the SIF to WRI. (Bankr. Case No. 09-0026-MCF, Docket No. 1.) The SIF argued, inter alia, that such an assignment of a claim against a government entity was barred by the Commonwealth Civil Code, 3 L.P.R.A. § 902. WRI argued that the statute did not apply

---

[1] Unless otherwise noted, all docket citations refer to the present case, Civil No. 11-1460.

to the SIF. After a hearing on the matter, the bankruptcy court issued a minute entry of June 10, 2010, containing its findings of law and fact and granting summary judgment to the SIF. (Bankr. Case No. 09-0026-MCF, Docket No. 79.) The bankruptcy court held that the statute did apply to the SIF, and further found that "there [was] no evidence that the assignment of the claim actually occurred nor [was there] any evidence presented before" the court of the assignment. On March 29, 2011, judgment was entered closing the adversary proceeding, and WRI elected to file the present appeal in this court on April 12, 2011. (Bankr. Case No. 09-0026-MCF, Docket Nos. 82; 86.)

## II.

### Standard of Review

In a bankruptcy appeal, a district court will review the bankruptcy court's conclusions of law *de novo*. Prebor v. Collins (In re I don't Trust), 143 F.3d 1, 3 (1st Cir. 1998). "The bankruptcy court's factual findings are reviewed for clear error. Evidentiary rulings by the bankruptcy court are subject to the 'abuse of discretion' standard." Williamson v. Busconi, 87 F.3d 602, 603 n.1 (1st Cir. 1996) (citations omitted). We will respect all findings of fact by the bankruptcy court, unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to assess witness credibility. Lentz v. Spadoni (In re Spadoni), 316 F.3d 56, 58 (1st Cir. 2003); Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997). Moreover, when the parties do not contest the findings of fact made by the bankruptcy court, the appeals court will not disturb them. In re Joelson, 427 F.3d 700, 702 (1st Cir. 2005) (citations omitted) (declining to disturb bankruptcy court's factual findings when appellant failed to contest them).

**III.**

**Analysis**

WRI "submits only one issue" on appeal, namely, whether the bankruptcy court erred in finding that Section 902 of the Puerto Rico Political Code, 3 L.P.R.A. § 902 (2009) ("§ 902"), applies to the SIF. For the reasons discussed below, we find that § 902 does apply to the SIF and dismiss this appeal.

Section 902 bars the transfer or assignment of "any claim upon or against the Commonwealth of Puerto Rico, or of any parts or share thereof, or interest therein," except in certain scenarios falling under a narrow exception. Id. WRI argues that this law does not apply to the SIF because it is a public corporation with the power to sue and be sued, enter into contracts, transfer property, and generate income.[2] The SIF argues that as an instrumentality of the state, it is a part of the Commonwealth government. We agree with the SIF, whose contention is supported by a plain-text interpretation of the statute, guidance on the interpretation of § 902 from the Commonwealth Office of the Secretary of Justice, and the organizational structure of the SIF itself.

The SIF (or "CFSE" in Spanish) was created as an organ of the Commonwealth system of compensation for work-related accidents. See 11 L.P.R.A. § 1b (1992) ("A corporation, as an instrumentality of the Government of the Commonwealth of Puerto Rico, is hereby created in order to carry out the purposes of this chapter, to act, by authority of the same, under the name of 'State Insurance Fund Corporation.'"); see also 11 L.P.R.A. §§ 1–42; Government of Puerto Rico, State Insurance Fund Corporation, CFSE, http://www.cfse.gov.pr/default.aspx (last

---

[2] We do not reach WRI's argument that the alleged transfer could have been valid, apart from its prohibition under § 902. (Docket No. 10.)

Civil No. 11-1460 (JAF) -4-

visited March 12, 2012). Under the plain language of § 902, the SIF constitutes one of the instrumentalities of the "Commonwealth of Puerto Rico, or [one of the] parts or share thereof, or interest therein." § 902.

Furthermore, the conclusion that the SIF constitutes part of the Commonwealth government finds support in an opinion by the Commonwealth's Office of the Secretary of Justice, offering guidance on the statutory interpretation of § 902.[3] Specifically, the opinion states that the language of the statute leads to the conclusion that the legislature's reference to the Commonwealth government in § 902 included all administrative organisms that are an integral part of the Commonwealth Executive Branch, because the Legislature did specifically exclude certain government entities from the statute's reach—such as in the exception (not applicable to the current case) contained in the second paragraph of § 902. Op. of the Sec. of Justice of P.R. 1987-10 (1987), 1987 P.R. A.G. LEXIS 10; see also Laws of Puerto Rico Annotated [L.P.R.A.] tit. 3 sec. 902 (LexisNexis of P.R., Inc. 2009) (P.R.) (citing id.).

We finally look to the legal organizational structure of the SIF, which also supports the conclusion that it constitutes part of the Commonwealth government. The members of the SIF's Board of Directors are "appointed by the Governor with the advice and consent of the Senate," with the Chairperson appointed by the Governor for a term of six years; the Governor, "on his own initiative or by recommendation of the Board, may remove any of its members for just cause." 11 L.P.R.A. § 1b2. The SIF's enabling statute defines it as "a corporate instrumentality within the definition in § 63 of Title 29," which provides definitions for the Civil Code's labor relations law. 11 L.P.R.A. § 1b1. These corporate instrumentalities of the Commonwealth are

---

[3] While such advisory opinions would not carry legal heft in common-law jurisdictions, Puerto Rico is a civil law jurisdiction, and the statute comes from the Commonwealth Civil Code.

Case 3:11-cv-01460-JAF   Document 14   Filed 03/13/12   Page 5 of 5

Civil No. 11-1460 (JAF)                                                                                         -5-

defined as public corporations—dedicated to lucrative business or activities with the goal of pecuniary benefit—that possess assets owned by, or controlled by the Commonwealth government. See 29 L.P.R.A. § 63. Moreover, the SIF is subject to the requirements of the Uniform Administrative Procedure Act, 3 L.P.R.A. §§ 2101–2177, as its examiners conduct administrative hearings, adjudicative procedures, subject to limited judicial review. Feliciano v. P.R. State Ins. Fund, 2011 U.S. Dist. LEXIS 124358, at *13–14 (D.P.R. Oct. 13, 2011) (citing 3 L.P.R.A. § 2164); see also Agrón Pérez v. F.S.E., 142 D.P.R. 573 (1997) (citing 3 L.P.R.A. § 2164) (finding that SIF decision violated Uniform Administrative Procedures Act).

Finally, we note that even if we had found in WRI's favor on the legal question at issue in this appeal, it would not have helped them to overturn the grant of summary judgment. WRI did not specifically contest any factual findings by the bankruptcy court, the most crucial of which being that "there is no evidence that the assignment of the claim actually occurred nor [was there] any evidence presented before" the bankruptcy court. (Bankr. Case No. 09-0026-MCF, Docket No. 79.) Therefore, even if we had found that § 902 did not apply to the SIF, it would prove useless for WRI, who failed to prove that such a transfer occurred. For the foregoing reasons, WRI's appeal (Docket No. 1) is **DISMISSED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 13th day of March, 2012.

                                                 s/José Antonio Fusté
                                                 JOSE ANTONIO FUSTE
                                                 U.S. District Judge